# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLAUDE D. COLLINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6605** |
| **MICHAEL THOMPSON, ET AL.** | **SECTION: "A"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Claude D. Collins, a state prisoner and frequent litigant in this Court, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This civil action is the latest in a series of lawsuits he has filed regarding his state prosecution and conviction.

### Prior Lawsuits

In 2006, plaintiff filed Civil Action No. 06-895 against Judge Bruce Bennett, Judge Jeff Morrison, Major Randy Pinion, Lieutenant "Bandy" Pinion, and the Tri-Parish Drug Court of the 21st Judicial District of Louisiana. In that action, plaintiff contested his alleged false imprisonment in the Tangipahoa Parish Jail on a $250,000 bond for his failure to comply with drug court requirements. Those claims were dismissed with prejudice. Collins v. Bennett, Civ. Action No. 06-895, 2007 WL 1129345 (E.D. La. Mar. 13, 2007) (Roby, M.J.) (adopted by Lemmon, J., on April 16, 2007).

In 2007, plaintiff filed Civil Action No. 07-8220 against Judge Ernest Drake, the 21st Judicial District Courthouse, the Tangipahoa Parish District Attorney's Office, Public Defender Tom Frierson, Assistant District Attorney Angel Monistere, the Tangipahoa Parish Jail, Randy Pinion, Brandon Pinion, the State of Louisiana, Officer Obie Melvin, Officer Rodney, and Officer Brady.

In that lawsuit, plaintiff challenged his arrest and the "fabricated charges on [him] since 2004." That civil action was later consolidated with another lawsuit, Civil Action No. 09-2734, which plaintiff filed in 2009. In that subsequent lawsuit, plaintiff named as defendants the State of Louisiana, the 21st Judicial Tangipahoa Parish Court, Judge Ernest Drake, District Attorney Scott Perrilloux, Assistant District Attorney Angel Monistere, Public Defender Tom Frierson, Officer Obie Melvin, Jr., Officer M. Brady, and Officer Rodney. In that lawsuit, plaintiff made nebulous allegations that defendants "had a conflict against me of hate," and he claimed that he had been harassed by police officers, the district attorney's office, and the judge. All claims in the consolidated cases have been dismissed except for the claims Officers Melvin, Rodney, and Brady. The claims against those officers currently remain pending. Collins v. Drake, Civil Action Nos. 07-8220 and 09-2734, 2009 WL 2899810 (E.D. La. Sept. 1, 2009); Collins v. Drake, Civ. Action No. 07-8220, 2009 WL 653047 (E.D. La. Mar. 12, 2009).

In the interim between the filing of those consolidated cases, plaintiff had also filed other two lawsuits concerning these same matters. In the first of those lawsuits, Civil Action No. 08-886, plaintiff named as defendants the State of Louisiana, Judge Ernest Drake, Assistant District Attorney Angel Monistere, Debra Coulse, Hammond detectives, and the Tangipahoa Courthouse. Plaintiff alleged that he had been convicted and illegally sentenced on "fabricated charges." That action was dismissed as duplicative and malicious. Collins v. State of Louisiana, Civ. Action No. 08-886, 2008 WL 906422 (E.D. La. Apr. 2, 2008). In the second lawsuit, Civil Action No. 08-887, plaintiff named as defendants the State of Louisiana, Judge Bruce Bennett, Judge Jeff Morrison, Randy Pinion, "Brandy" Pinion, and the Tangipahoa Courthouse. Plaintiff again alleged that he had been

falsely accused of "fabricated charges" and incarcerated on a $250,000 bond. That action was also dismissed as duplicative and malicious. Collins v. State of Louisiana, Civ. Action No. 08-887, 2008 WL 1930526 (E.D. La. Apr. 30, 2008).

## Instant Civil Action

After United States District Judge Stanwood R. Duval, Jr., issued the order in the consolidated cases dismissing many of plaintiff's claims on September 1, 2009,[1] plaintiff promptly responded by filing the instant lawsuit approximately three weeks later. This time, plaintiff has named as defendants Officer Michael Thompson, Officer Obie Melvin, Jr., Judge Ernest Drake, Assistant District Attorney Angel Monistere, District Attorney Scott M. Perrilloux, and Public Defender Tom Frierson. Plaintiff once again makes vague allegations regarding his state prosecution and conviction.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] Collins v. Drake, Civil Action Nos. 07-8220 and 09-2734, 2009 WL 2899810 (E.D. La. Sept. 1, 2009) (dismissing with prejudice the claims against the 21st Judicial Tangipahoa Parish Court, Judge Ernest Drake, District Attorney Scott Perrilloux, Assistant District Attorney Angel Monistere, Public Defender Tom Frierson, and the State of Louisiana).

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted). A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." Id. "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

In the instant complaint, plaintiff is again asserting claims that are the same as or substantially similar to those asserted in his numerous prior lawsuits and which arise from the same series of events. Therefore, plaintiff's complaint should be dismissed as duplicative and malicious.

See Bailey, 846 F.2d at 1021; Gallegos v. Strain, Civ. Action No. 08-1393, 2008 WL 2185053, at *5 (E.D. La. May 23, 2008).[2]

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's instant complaint be **DISMISSED WITH PREJUDICE** as duplicative and malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirteenth day of October, 2009.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] However, if it is determined that the instant complaint is not subject to dismissal as duplicative and malicious, this matter should be transferred to United States District Judge Stanwood R. Duval, Jr., and Chief Magistrate Judge Alma L. Chasez pursuant to Local Rule 3.1.1, because it is clearly related to consolidated cases pending before them.